FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 OCT 17 AM 11: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | | |
|---|---|---|
| ENRIQUE MARTINEZ, | } | Case No. |
| PLAINTIFF | } | 5:16-CV-619-Oc-30PRL |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| UNITED DEBT HOLDING, LLC., | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff ENRIQUE MARTINEZ, through his attorney, brings this action to challenge the actions of Defendant UNITED DEBT HOLDING, LLC., for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-

559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.  Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7.  Because all tortious conduct occurred while Plaintiff resided in the City of Ocala, County of Marion, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8.  Plaintiff is a natural person.

9.  Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce within this state, the principal purpose of which is the collection of debts.  Additionally or alternatively, Defendant

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. On February 26, 2016, and on multiple other dates on or after November 1, 2015, Defendant called Plaintiff multiple times in connection with the collection of an alleged debt Defendant claims is owed by Plaintiff.

15. During the phone calls described in paragraph 14, above, Defendant harassed Plaintiff multiple times using a variety of methods. Defendant told Plaintiff that defendant is "a law firm." Defendant is not a law firm. Defendant told Plaintiff that Defendant will "put him in jail." Defendant told Plaintiff that there is a "warrant is being filed against him." Defendant transfers Plaintiff to various employees and is told that Plaintiff is being transferred to and speaking with "compliance attorneys." When Plaintiff demands that Defendant stop calling and harassing him, Defendant told Plaintiff that they

"will never stop." When Plaintiff asks Defendant for their contact information so that Plaintiff could send a written notification demanding they stop calling, Defendant refused to provide their address.

16. During at least one of the phone calls described in paragraph 14, above, Defendant failed to specifically provide the disclosure that "this communication is from a debt collector." Additionally, Defendant failed to provide the aforementioned disclosure using any other substantially similar sentence (e.g. "this is a call from a debt collector," etc.)

17. As of October 10, 2016, Plaintiff has not received any form of written notice whatsoever from Defendant with regards to Defendant's initiation of debt collection procedures against Plaintiff. Additionally, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

18. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-17, as if fully set forth herein.

19. By contacting Plaintiff for debt collection purposes over the telephone despite Defendant's actual knowledge that communication with Plaintiff over the telephone is inconvenient, Defendant has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

20. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant has used language the natural consequence of which is to abuse the hearer and has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692d(2).

21. By telling Plaintiff that Defendant "will never stop" calling Plaintiff despite Plaintiff informing Defendant of his wish to stop being called, Defendant engaged a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692d(5).

22. By telling Plaintiff that Defendant is "a law firm" while not being a law firm, Defendant falsely represented that a communication is from an attorney and has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692e(3).

23. By telling Plaintiff that Defendant is transferring him to and speaking with "compliance attorneys" when no such person speaking to Plaintiff is an attorney, Defendant falsely represented that a communication is from an attorney and has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692e(3).

24. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant falsely represented or implied that nonpayment of a debt will result in arrest or imprisonment and has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692e(4).

25. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant threatened to take an action that cannot legally be taken and has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692e(5).

26. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant falsely represented or implied that Plaintiff committed a crime in order to disgrace Plaintiff and has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692e(7).

27. By failing to disclose during an oral communication that the communication is from a debt collector, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

28. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

29. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

30. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

31. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

32. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

33. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

34. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violation of the FCCPA, Fla. Stat. § 559.55, et seq.

35. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-17, as if fully set forth herein.

36. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant simulated a law enforcement officer or representative of a governmental agency and has engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(1).

37. By repeatedly calling Plaintiff despite Plaintiff's repeated insistence that Defendant does not do so, Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, in violation of the FCCPA, Fla. Stat. § 559.72(7).

38. By repeatedly calling Plaintiff despite Plaintiff repeated insistence that Defendant does not do so, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the FCCPA, Fla. Stat. § 559.72(7).

39. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant has used willfully abusive language in communicating with Plaintiff and has engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(8).

40. By telling Plaintiff that Defendant "will never stop" calling Plaintiff despite Plaintiff informing Defendant of his wish to stop being called, Defendant has used willfully abusive language in communicating with Plaintiff and has engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(8).

41. By telling Plaintiff that Defendant will "put him in jail" and that a "warrant is being filed against him," Defendant asserted the existence of some legal right when Defendant knows such right does not exist and has engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(9).

42. By telling Plaintiff that Defendant is "a law firm" while not being a law firm, Defendant orally communicated with Plaintiff in a manner that gives the false impression or appearance that such person is or is associated with an attorney and has engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(12).

43. By telling Plaintiff that Defendant is transferring him to and speaking with "compliance attorneys" when no such person speaking to Plaintiff is an attorney, Defendant orally communicated with Plaintiff in a manner that gives the false impression or appearance that such person is or is associated with an attorney and has engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(12).

44. By refusing to provide Plaintiff with Defendant's address when requested, Defendant refused to provide adequate identification of itself and has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(15).

45. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

46. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

47. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

48. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

49. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

50. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

51. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 9th day of October, 2016,

By Plaintiff's attorney: /s/ Nicholas Michael Murado_____

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com